# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>v.<br><br>DARRYL EMANUEL BICKHAM, JR.,<br><br>　　Defendant. | Case No. CR-18-090-RAW |

## ORDER

On December 13, 2018, the Defendant entered a guilty plea to Count One of the Indictment charging him with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On May 17, 2019, the Judgment and Commitment was entered, sentencing the Defendant to a term of 60 months imprisonment to be followed by 3 years of supervised release.

After the Defendant violated the conditions of his supervised release, the court held a hearing on February 12, 2025. The Defendant's supervised release was revoked, and he was sentenced to a term of 12 months imprisonment. The Judgment was entered on February 20, 2025.

Now before the court is the Defendant's *pro se* motion to correct or clarify judgment and commitment pursuant to Rule 36 of the Federal Rules of Criminal Procedure filed on June 13, 2025 [Docket No. 90], as well as the Government's response thereto [Docket No. 92] filed on July 28, 2025. The Defendant's motion concerns whether his sentence in this case is to run concurrently or consecutively with his sentence in another case in state court.

1

In late 2024, the Defendant entered a guilty plea in Pittsburg County to possession of a controlled substance. He was sentenced to a term of one year imprisonment. All but the first three months of his state court sentence was suspended. The state court conviction resulted in the revocation proceeding in this case. The Defendant requests the court to correct or clarify the sentence in this case to cause it to run concurrently with his state court sentence.

Both the February 12, 2025 Judgment [Docket No. 89] and the Minute Sheet of the Final Revocation and Sentencing [Docket No. 88] in this case are silent as to whether the sentence will run concurrently or consecutively with any other sentence. "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Citing section 3584(a), the Tenth Circuit has stated that "when a federal sentencing court is silent on the matter, there is a statutory presumption that multiple sentences imposed at different times—even as between sentences imposed by state and federal courts—will run consecutively." *Heddings v. Garcia*, 491 Fed. Appx. 896, 899 (10th Cir. 2012).

Moreover, as noted by the Government, unless there is some clerical error, this motion falls more appropriately under Rule 35(a). A motion under Rule 35(a) to correct or reduce sentence must be filed within 14 days after sentencing. Finding no clerical error in the Judgment or sentence, the court agrees that the instant motion is more appropriately construed as a motion pursuant to Rule 35(a) and finds that it is untimely. Accordingly, the Defendant's *pro se* motion [Docket No. 90] is hereby DENIED.

**IT IS SO ORDERED** this 21st day of October, 2025.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**